ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **CONSEJO DE TITULARES DEL CONDOMINIO FRANCIA** DEMANDANTE(S)-RECURRIDA(S) <br><br> V. <br><br> **SUCESIÓN DE HORTENSIA LUISA PIERLUISI DÍAZ COMPUESTA POR LIZZETTE VIRGINIA LASSUS PIERLUISI; HORTENSIA LUISA LASSUS PIERLUISI; JEAN BAPTISTE LASSUS PIERLUISI, JUAN DOE, JANE DOE; CORPORACIONES A, B, C** DEMANDADA(S)-PETICIONARIA(S) | **KLCE202400142** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN** <br><br> Caso Núm. **SJ2023CV03895 (803)** <br><br> Sobre: Cobro de Dinero; Regla 60 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

# S E N T E N C I A

En San Juan, Puerto Rico, hoy día 11 de marzo de 2024.

Comparece ante este Tribunal de Apelaciones, la señora **HORTENSIA LUISA PIERLUISI DÍAZ** (señora **PIERLUISI DÍAZ**) mediante *Certiorari* incoado el 2 de febrero de 2024. En su recurso, nos solicita que revisemos la *Resolución* emitida el 2 de enero de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[1] Mediante la referida determinación, el foro *a quo* declaró *ha lugar* la *Moción de Réplica a Comparecencia Especial y Solicitud de Desestimación* presentada el 6 de diciembre de 2023 por el **CONSEJO DE TITULARES DEL CONDOMINIO FRANCIA** (**CONSEJO**).

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 3 de enero de 2024. Véase Apéndice del *Certiorari*, págs. 050-051.

Número Identificador:
SEN2024_____

## - I -

El 1 de mayo de 2023, el **CONSEJO** entabló una *Demanda sobre Cobro de Dinero* bajo el procedimiento especial tipificado en la Regla 60 de las de Procedimiento Civil de 2009.[2] Ese mismo día, se presentó *Moción Sometiendo Emplazamientos.*[3] El 3 de mayo de 2023, se expidieron varias *"Notificación y Citación Sobre Cobro de Dinero".*[4]

Posteriormente, el 11 de junio de 2023, el **CONSEJO** presentó *Moción Solicitando Posposición de Vista y Recalendarización de Señalamiento* aduciendo razones médicas.[5] Al día siguiente, 12 de junio de 2023, el tribunal primario mediante *Orden* dejó sin efecto la audiencia pautada e indicó que la misma se recalendarizaría para una fecha futura.[6]

Meses después, el 5 de octubre de 2023, el **CONSEJO** presentó *Moción Solicitando Recalendarización de Señalamiento.*[7] Así, el 2 de noviembre de 2023, el foro recurrido dictó *Orden* señalando la audiencia para el 16 de noviembre de 2023.[8]

Subsiguientemente, el 13 de noviembre de 2023, el licenciado de la señora **PIERLUISI DÍAZ** presentó *Moción Asumiendo Representación Legal.*[9] Así las cosas, el 15 de noviembre de 2023, la señora **PIERLUISI DÍAZ** presentó *Comparecencia Especial sin Someterse a la Jurisdicción del Tribunal, Solicitando Desestimaci[ó]n de la Demanda* peticionando, entre otras cosas, que el caso se convirtiese en uno ordinario en el cual las partes demandadas tuviesen que ser emplazadas, personalmente o por edictos, y/o por economía procesal, se desestimase la demanda, ya que habían expirado los ciento veinte (120) días que conceden las Reglas para diligenciar emplazamientos.[10]

---

[2] Véase Apéndice del *Certiorari*, págs. 001-003.
[3] *Íd.*, págs. 004-016.
[4] En dicha notificación, se pautó audiencia por videoconferencia para el 12 de junio de 2023, a las 9:00 de la mañana. *Íd.*, págs. 017-017L.
[5] *Íd.*, págs. 018-019.
[6] *Íd.*, pág. 021.
[7] *Íd.*, pág. 022.
[8] *Íd.*, pág. 024.
[9] *Íd.*, pág. 025. Se desprende del documento que la señora Pierluisi Díaz **no** manifestó negación sobre atenerse a la jurisdicción del Tribunal.
[10] *Íd.*, págs. 028-031.

A esos efectos, el 16 de noviembre de 2023, se decretó *Orden* concediendo a la otra parte término de veinte (20) días para expresar su posición.[11] El 6 de diciembre de 2023, el **Consejo** se opuso mediante *Moción de Réplica a Comparecencia Especial y Solicitud de Desestimación*.[12] En su escrito, entre otras cosas, adujo el **Consejo** que notificó a las partes demandadas mediante correo certificado con acuse de recibo en conformidad con lo requerido mediante la Regla 60 de las de Procedimiento Civil de 2009, así como la dirección utilizada es la que surge del Registro de Titulares. Más adelante, el 2 de enero de 2024, se dictaminó la *Resolución* recurrida.

Insatisfecha con ese proceder, el 2 de febrero de 2024, la señora **Pierluisi Díaz** recurrió ante este foro revisor señalando el(los) siguiente(s) error(es):

> Erró el TPI al negarse a resolver que el debido proceso de ley requiere que [,] a un demandado desconocido, o uno cuya última dirección no sea conocida, tenga que ser emplazado personalmente o por la publicación de edictos, y no por una "Notificación y Citación" enviada por correo [ú]nicamente, como permite la Regla 60.

> Erró el TPI al negarse a resolver que en un caso que envuelve una propiedad inmueble, todos los titulares de esta son partes indispensables al caso, y que [,] si el Tribunal no adquiere jurisdicción válidamente sobre alguno de estos, no tiene jurisdicción en el caso.

El 6 de febrero de 2024, pronunciamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Consecuentemente, el 20 de febrero de 2024, el **Consejo** presentó su *Oposición a Expedición de Auto de Certiorari*.

Evaluado concienzudamente el expediente del caso; y contando con el beneficio de la comparecencia de ambas partes; nos encontramos en posición de resolver. Puntualizamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

---

[11] Véase Apéndice del *Certiorari*, pág. 033.
[12] *Íd.*, págs. 037-046.

- II –

- A -

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[13] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[14]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[15] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[16]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[17] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, injunctions de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[18] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:[19]

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. [20]

---

[13] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc.*, 2023 TSPR 65; 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[14] *Íd.*
[15] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[16] *Íd.*
[17] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez*, supra.
[18] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[19] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339– 340 (2012).
[20] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[21]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[22] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[23]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[24] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[25] Ello, pues distinto al recurso de apelación, este Tribunal

---

[21] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[22] Id.
[23] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[24] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[25] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).

posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[26]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[27] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[28]

## - B -

El propósito o finalidad principal de la Regla 60 de las de Procedimiento Civil de 2009 siempre ha sido: "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para de esa manera lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación".[29] Así pues, el referido estatuto, instituye un proceso sumario para reclamaciones en cobro de dinero que no excedan los quince mil dólares ($15,000.00), excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario.[30]

En lo pertinente, la Regla 60 dispone que:

[...]
[l]a parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.
La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a

---

[26] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra.*
[27] *García v. Asociación*, 165 DPR 311, 322 (2005).
[28] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[29] 32 LPRA Ap. V, R. 60; *Cooperativa v. Hernández Hernández*, 205 DPR 624, 633 (2020).
[30] *Íd..*

partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada. [...]
Si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá *motu proprio* ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario. [...].

Cónsono con lo anterior, a este trámite expedito le aplican las Reglas de Procedimiento Civil de 2009 respecto a un procedimiento ordinario de manera supletoria, en tanto y en cuanto, éstas sean compatibles con el procedimiento sumario establecido en la aludida Regla.[31]

Punteamos que, la responsabilidad de diligenciar la **notificación-citación recae sobre la parte demandante**.[32] Es decir, tan pronto la secretaria o el secretario del tribunal primario reciba el proyecto de notificación-citación y allí consigne la fecha de celebración de la vista en su fondo, tiene el deber de expedirla **inmediatamente** para que la parte demandante gestione el diligenciamiento.[33]

Sabido es que, el emplazamiento es un mecanismo procesal que tiene como propósito notificar a la parte demandada sobre la existencia de una reclamación incoada en su contra y es mediante este mecanismo que el tribunal adquiere jurisdicción sobre la persona de dicha parte.[34]

Conforme a ello, la Regla 4.3(c) de Procedimiento Civil expresa lo siguiente:

[...]
El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El secretario o secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el secretario o secretaria no los expide el mismo día, el tiempo que se demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de

---

[31] *Cooperativa v. Hernández Hernández, supra.*
[32] *Cooperativa v. Hernández Hernández, supra*, pág. 634. (énfasis nuestro).
[33] *Íd.* págs. 634-635. (énfasis nuestro). Nótese que independientemente la opción que la parte demandante escoja ya sea trámite expedito o procedimiento ordinario **lo transcendental** es que la notificación–citación sea diligenciada, dentro de los diez (10) días de presentada la demanda y se acompañe copia de ésta dirigida a la última dirección conocida del deudor contra quien pesa una reclamación líquida y exigible.
[34] *Ross Valedón v. Hospital Dr. Susoni*, 2024 TSPR 10; 213 DPR ___; *Martajeva v. Ferré Morris y otros*, 210 DPR 612 (2022).

forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.[35]

En lo que atañe a solicitar que el pleito continúe ventilándose por el procedimiento ordinario, es menester destacar que, el reconocimiento de este derecho a las partes no implica que **automáticamente** la conversión deba ser concedida, sino que el foro primario deberá sopesar los méritos de la solicitud.[36] A luz de ello, las instancias por las cuales un litigio al amparo de la Regla 60 de Procedimiento Civil de 2009, debe o puede convertirse al procedimiento ordinario son: (1) si la parte demandada demuestra que tiene una reclamación sustancial; (2) cuando, en el interés de la justicia, las partes ejercen su derecho de solicitar que el pleito se continúe ventilando por el trámite civil ordinario; (3) partiendo de ese mismo interés, el tribunal *motu proprio* tiene la discreción para así ordenarlo; o (4) cuando la parte demandante no conoce ni provee el nombre y la dirección del deudor.[37]

El profesor Rafael Hernández Colón en su obra jurídica comentó que "[l]a mejor práctica debe ser presentar el proyecto de notificación–citación [juntamente] con la demanda, [tal y como] lo exige la [Regla] 4.1 de Procedimiento Civil". Agregó que, el estatuto no provee para la desestimación por incumplimiento con el término del diligenciamiento. A esos efectos, añadió:[38]

> [D]ebe tenerse presente que ello puede conllevar que el tribunal imponga sanciones y que traslade el caso al procedimiento ordinario. En este último supuesto, el tribunal debe ordenarle al demandante que presente en la Secretaría los correspondientes emplazamientos, en caso de incumplimiento, procedería la desestimación automática conforme con la R. 4.3(c) [de Procedimiento Civil].

---

[35] 32 LPRA Ap. V, R. 4.3(c). *Ross Valedón v. Hospital Dr. Susoni, supra*, pág. 6.
[36] *Cooperativa v. Hernández Hernández, supra*, pág. 637.
[37] *Íd.*, págs. 637-638.
[38] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6. ed., San Juan, Ed. Lexis Nexis, 2017, págs. 627– 628.

Asimismo, explicó que: "el término para diligenciar el emplazamiento **comenzaría desde que el tribunal emite la orden de que el caso se tramite bajo el procedimiento ordinario y no desde que se presentó la demanda**".[39]

Nuestro Máximo Foro ha expresado que por la severidad que conlleva la desestimación, y el término breve de este mecanismo sumario, transcurridos los diez (10) días sin que la parte demandante haya diligenciado la notificación-citación a la parte demandada, no procede obligatoriamente la desestimación al amparo de la Regla 4.3(c) de las de Procedimiento Civil de 2009.[40]

El Tribunal Supremo puntualizó que:

[S]i a pesar de la diligencia del promovente de cumplir con las exigencias de la Regla 60 para ventilar sumariamente el pleito, esto no ha sido posible, lo que procede, en primer lugar, es la conversión del pleito al procedimiento civil ordinario, y no necesariamente la desestimación de la causa de acción. De modo que, siguiendo los pronunciamientos expuestos, queda en manos del foro de instancia asegurarse que la causa de acción amerite la conversión del procedimiento.[41]

Por otro lado, la Regla 4.6. sobre emplazamiento mediante edictos y su publicación enuncia: (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un

---

[39] *Íd.*, pág. 628. (énfasis nuestro).
[40] *Cooperativa v. Hernández Hernández, supra*, págs. 639– 640.
[41] *Íd.*, pág. 641.

diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto. [...] [42]

- III -

En sus señalamientos de error, la señora **PIERLUISI DÍAZ** nos solicita, en síntesis, que revisemos la *Resolución* impugnada basándose en que el foro primario *no tiene jurisdicción* para entender el caso, ante el hecho de no haber emplazado personalmente o mediante edicto, a las partes indispensables de la sucesión de Hortensia Luisa Pierluisi Díaz.[43] En la discusión de los errores, la señora **PIERLUISI DÍAZ** expresa que el tribunal recurrido cometió error al no ordenar la conversión a un procedimiento ordinario.[44] Además, manifestó que la *Demanda* instada por el **CONSEJO** debe ser desestimada.

Por otro lado, el **CONSEJO** adujo que, descansando en la *Resolución* sobre la *Declaratoria de Herederos,* en su reclamación incluyó a los herederos de la causante Hortensia Pierluisi Díaz y se le notificó a la última dirección conocida según surge del Registro de Titulares. Expresó en el inciso (22) de su escrito, estar dispuesto a aceptar una determinación de que el caso sea convertido a procedimiento ordinario.

Ahora bien, habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari*, este Tribunal de Apelaciones debe determinar, como cuestión de umbral, si procede su expedición. Evaluados los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil de 2009, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, consideramos que el caso de marras se encuentra en la etapa más propicia para su consideración.[45] Al justipreciar los méritos de la solicitud de la conversión del caso, resulta fundamental reconocer que, en el interés de la

---

[42] 32 LPRA Ap. V, R. 4.6.

[43] La señora **PIERLUISI DÍAZ** no ha acreditado que, en efecto, sus hermanos Lizzette V. Lassus Pierluisi y Jean Baptiste Lassus Pierluisi han perecido. Nuestro ordenamiento jurídico establece que la sucesión civil no posee personalidad jurídica propia. Ante esas circunstancias, para poder demandar a los miembros que componen una sucesión civil, incluyendo la sustitución de una parte demandante que ha fallecido, es necesario que se aperciba por individual a cada uno de sus miembros. Véase *Miramar Marine v. Citi Walk*, 198 DPR 684 (2017); *Villanova v. Villanova*, 184 DPR 824 (2012).

[44] Véase la página 12 de recurso.

[45] Véase además *Cooperativa v. Hernández Hernández*, supra.

justicia, este pleito debe convertirse en un procedimiento civil ordinario. Más aún, el **CONSEJO** aceptó *no* tener objeción a ello.

La conversión del caso para que continúe ventilándose por el procedimiento ordinario requiere que todas las partes indispensables sean emplazadas conforme a derecho y según lo dispuesto en la Regla 4 de las de Procedimiento Civil de 2009.

## - IV -

Por los fundamentos antes expuestos, ***expedimos*** el auto de *Certiorari* instado el 2 de febrero de 2024 por la señora **PIERLUISI DÍAZ;** y, en consecuencia, se ***revoca*** la *Resolución* intimada el 2 de enero de 2024.

Al amparo de la Regla 35 (A)(1) de nuestro Reglamento, el Tribunal de Primera Instancia, Sala Superior de San Juan, puede proceder de conformidad con lo aquí resuelto, sin que se tenga que esperar por el recibo de nuestro mandato.[46]

**Notifíquese inmediatamente.[47]**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[46] 4 LPRA Ap. XXII-B R. 35. La Regla 35 (A)(1) enuncia: "La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario.**" 4 LPRA Ap. XXII-B R. 35.

[47] Surge de la *Minuta* de 22 de enero de 2024 que este caso tiene audiencia (vista de seguimiento) pautada para el **11 de marzo de 2024 a las 3:00 de la tarde**.